Filed 2/20/26  P. v. Continental Heritage Ins. Co. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CONTINENTAL HERITAGE INSURANCE COMPANY, Defendant and Appellant. | B327356 (Los Angeles County Super. Ct. No. OSJ2566) |

APPEAL from an order of the Superior Court of Los Angeles County, Natalie P. Stone, Judge.  Appeal dismissed.

Law Offices of Edward C. Arthur and Edward C. Arthur for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Keever R. Muir, Assistant County Counsel, Michael J. Gordon and Sanjay A. Athalye, Deputy County Counsel for Plaintiff and Respondent.

_____

Continental Heritage Insurance Company (Continental) appeals from the denial of its motion for reconsideration of an earlier denial of a motion to exonerate a bail bond. An order denying a motion for reconsideration is not appealable, and Continental has not timely appealed from the denial of its motion to exonerate the bail bond. Accordingly, we dismiss the appeal.

## BACKGROUND

On August 27, 2020, Continental posted a $50,000 bail bond on behalf of Rupert Harvey Swain. On November 19, 2020, Swain did not appear in court as required. The trial court issued a bench warrant and ordered bail forfeited.

On December 6, 2021, Continental, acting through Acme Bail Bonds, filed a "Notice of Motion to Toll and/or in the Alternative Exonerate Bail Bond Per Penal Code § 1305." (Some capitalization omitted.) Continental asserted it had located Swain in custody in Georgia, but the Los Angeles City Attorney's Office had indicated it did not intend to extradite Swain. Continental argued under those circumstances Penal Code section 1305, subdivision (f) required the trial court to vacate forfeiture and exonerate the bond.

On February 4, 2022, the trial court denied Continental's motion. There is no reporter's transcript of the hearing and the record does not otherwise disclose the reasons for the denial. On February 7, 2022, the trial court entered summary judgment against Continental on the forfeited bond and demanded payment.

On February 14, 2022, Continental filed a "Motion for Reconsideration to Exonerate Bail Bond Per Penal Code § 980, 1305, and C.C.P. § 1008." (Some capitalization omitted.) Continental again argued it was entitled to relief under Penal

Code section 1305, subdivision (f), and further argued it was entitled to relief under Penal Code section 980, because Swain's warrant had never been entered into the National Crime Information Center (NCIC) database. Continental requested the trial court exonerate the bond and set aside the grant of summary judgment.

County Counsel filed opposition to the reconsideration motion. County Counsel argued Continental had not satisfied the requirements for reconsideration under Code of Civil Procedure section 1008 because Continental's motion relied on evidence available to it at the time of its original motion to exonerate. County Counsel additionally argued Continental had not shown that failure to enter the bench warrant in the NCIC database prevented Continental from performing its obligations, as required by Penal Code section 980.

On September 16, 2022, the trial court denied the motion for reconsideration. Again, there is no reporter's transcript of the hearing and the record does not otherwise disclose the reasons for the denial.

On February 21, 2023, Continental filed a notice of appeal indicating it was appealing from a "[j]udgment after an order granting a summary judgment motion." The notice listed the date of the judgment as "September 16, 2022."

## DISCUSSION

On appeal, Continental argues the trial court abused its discretion by not exonerating the bail bond pursuant to Penal Code sections 980 and 1305, subdivision (f).

We requested supplemental briefing from the parties on the following questions: 1) Assuming arguendo the notice of appeal could be construed to encompass the denial of the motion to

3

exonerate and entry of summary judgment in February 2021, was the appeal from that order and judgment timely?; and 2) Is the September 16, 2022 denial of Continental's motion for reconsideration an appealable order?

Having reviewed the supplemental briefing, we conclude there is no valid, timely appeal before us. Continental purports to appeal from the September 16, 2022 order denying its motion for reconsideration under Code of Civil Procedure section 1008. That section expressly provides, "An order denying a motion for reconsideration . . . is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (Code Civ. Proc., § 1008, subd. (g).)

The question then is whether the notice of appeal can be construed as a timely appeal from "the order that was the subject of [the] motion for reconsideration" (Code Civ. Proc., § 1008, subd. (g)), namely the February 4, 2022 order denying Continental's motion to exonerate the bail bond.

The answer is no, because even if arguendo the notice can be construed to encompass the February 4, 2022 order (or the February 7, 2022 judgment), the appeal from that order is untimely. A valid motion for reconsideration of an appealable order extends the time to appeal "until the earliest of" the following: "(1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order." (Cal. Rules of Court, rule 8.108(e) (rule 8.108(e)).)

4

Here, Continental did not file its notice of appeal until February 21, 2023, more than a year after the trial court denied the motion for exoneration and entered summary judgment, and also more than a year after Continental filed its motion for reconsideration. Continental thus did not meet either the 90-day or 180-day deadlines under rule 8.108(e), and any appeal from the February 2022 order or judgment is untimely.

Continental argues it is not appealing the February 4, 2022 order, but rather the September 16, 2022 order, and its appeal is timely as to that later order. Continental further argues the September 16, 2022 order is appealable because orders denying motions to set aside a bail bond forfeiture are appealable.

Continental's argument disregards the fact that the September 16, 2022 order did not deny a motion to exonerate the bail bond, but a motion for *reconsideration* of an earlier order denying a motion to exonerate the bail bond. Again, denials of motions for reconsideration are, by statute, not appealable, and may only be addressed through a timely appeal of "the order that was the subject of [the] motion for reconsideration" (Code Civ. Proc., § 1008, subd. (g)).

## DISPOSITION

The appeal is dismissed.  Respondent is awarded its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.